UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA D. AL-ZAGHARI,<br><br>Petitioner,<br><br>v.<br><br>DAVIS GUEST HOME, et al.,<br><br>Respondents. | No. 2:24-cv-2236 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, proceeding pro se, has filed a petition for a writ of habeas corpus challenging her conservatorship and her involuntary placement at the Davis Guest Home by her conservator. She has paid the filing fee.

I.  Background

Petitioner, an adult, has been subject to a conservatorship by order of the San Mateo County Superior Court since 2005. ECF No. 16 at 2. The San Mateo County Public Guardian was appointed as her conservator and has placed her in the Davis Guest Home, which is a private facility. Id. The conservatorship terminates every year, subject to a court trial to determine whether it should be re-established. ECF No. 1 at 4. On August 31, 2023, the state court re-established petitioner's conservatorship, with a termination date of August 10, 2024. ECF No. 16 at 26-27. On July 2, 2024, the state court issued a notice for a July 30, 2024 hearing to re-establish the conservatorship. ECF No. 19 at 13. The conservatorship was eventually re-

established on November 8, 2024.  Id. at 8.  Petitioner was represented by counsel throughout the proceedings.  ECF No. 18 at 4-9

II.     Procedural History

On August 16, 2024, petitioner Eva Al-Zaghari, filed a petition for writ of habeas corpus (ECF No. 1), which was shortly followed by a request to add San Mateo County as a respondent (ECF No. 5) and a first amended petition (ECF No. 6), both of which indicated that they were signed by petitioner's mother, Shirley Remmert (Remmert), on petitioner's behalf.  Remmert then filed a motion for preliminary injunction purporting to add herself as a petitioner and seeking to enjoin the increase of her rent and denial of petitioner's rental application.  ECF No. 7.  The motion is signed by Remmert on behalf of both herself and petitioner.  Id. at 9.  The motion was followed by multiple declarations that were largely duplicative in their content.  ECF Nos. 8-11. Petitioner then filed another motion for preliminary injunction, this time seeking an order halting all drug and diabetic treatment she is receiving and preventing her rental application from being blocked.  ECF No. 14.  Petitioner has also filed a second amended petition in which she states that Remmert may petition on her behalf if she is unable.  ECF No. 16 at 4.  The second amended petition was followed by a third motion for preliminary injunction (ECF No. 18), this time seeking to stop the re-establishment of petitioner's conservatorship, and various declarations (ECF Nos. 19-22).

III.    Second Amended Petition

Petitioner has filed a motion to amend the petition (ECF No. 15), which will be granted, and this action accordingly proceeds on the second amended petition (ECF No. 16).  Petitioner alleges that her conservatorship was based on "the deceptive acts of people who wanted to cover up a home invasion in 1990, in which [she] was drugged while sleeping; [her] egg was extracted and trafficked," and that psychiatrists deliberately reminded her of the home invasion to induce post-traumatic stress disorder (PTSD) so they could misdiagnose her as schizophrenic.  ECF No. 16 at 2.  She further alleges that the conservatorship is the product of a decades-long and widespread conspiracy by her enemies to imprison and drug her to cover up their crimes and steal her family's property, and that she is being subjected to forced drug treatment and illegal

1  imprisonment as a result of the conservatorship.  Id. at 14-23.

2     IV.   Discussion

3     Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Because the instant petition is either untimely or unexhausted, the undersigned will recommend dismissal.

    As an initial matter, to the extent Ms. Remmert has attempted to file motions on her daughter's behalf or otherwise insert herself into this cause of action, she has no standing to pursue claims on petitioner's behalf or to represent petitioner.  Ms. Remmert is not an attorney or her daughter's conservator.  Moreover, she has been advised by the courts on more than one occasion that she may not represent petitioner or file on petitioner's behalf and is subject to a vexatious litigant order in the United States District Court for the Northern District of California prohibiting her from doing so.  See Al-Zaghari v. Al-Zaghari, No. 3:01-cv-2870 MHP, ECF No. 8 (N.D. Cal. Aug. 15, 2001) (deeming Remmert and petitioner vexatious litigants); Al-Zaghari v. San Mateo Deputy Public Guardian, No. 3:07-cv-0336 CRB, ECF No. 9 (N.D. Cal. Mar. 23, 2007) (instructing Remmert not to file on behalf of petitioner); Al-Zaghari v. State of California, No. 3:09-mc-80110 MHP, ECF No. 7 (N.D. Cal. May 27, 2009) (same); Remmert v. Stauffer, No. 19-cv-5803 HSG, 2019 WL 5963242, at *2, 2019 U.S. Dist. LEXIS 196990, at *6-7 (barring Remmert "from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding inter alia Eva's conservatorship, the restraining order barring Plaintiff from contacting Eva, custody of Eva's son (Plaintiff's minor grandson), or the state court proceedings related to these issues" (citations omitted)).  All documents clearly stating that they are signed by Remmert on petitioner's behalf will therefore be stricken as improperly filed.  Any further filings by Remmert will also be ordered stricken.

    With respect to the petition, the Ninth Circuit has not directly addressed whether federal habeas corpus jurisdiction extends to adult guardianship cases.  However, the First Circuit has held it does not, and other district courts considering the matter have agreed.  See Hemon v. Off.

3

1  of Pub. Guardian, 878 F.2d 13 (1st Cir. 1982) (per curiam) (likening challenge to adult
2  guardianship to disputes over child custody, over which "[i]t is settled law that federal habeas
3  corpus jurisdiction does not extend"); Venoya v. California, No. 2:08-cv-1699 DAD, 2009 WL
4  565582, at *2, 2009 U.S. Dist. LEXIS 16805, at *3-5 (E.D. Cal. Mar. 5, 2009) (adopting
5  Hemon's rationale); Stratton by and through Stratton v. North Carolina, No. 3:20-cv-0455 MR,
6  2021 WL 328884, at *3, 2021 U.S. Dist. LEXIS 18237, at *8-9 (W.D.N.C. Feb. 1, 2021) (same);
7  Susheelkumar v. Siems, No. No. 19-cv-1884 JCC MLP, 2020 WL 420172, at *3, 2020 U.S. Dist.
8  LEXIS 15471, at *7-8 (W.D. Wash. Jan. 8, 2020) (same); Shelton v. Nester, No. 4:13-cv-1050
9  SNLJ NAB, 2016 WL 2931629, at *1-2, 2016 U.S. Dist. LEXIS 66019, at *3-4 (E.D. Mo. Mar.
10 31, 2016) (same).  In Hemon, a son filed a habeas petition seeking to transfer the Office of Public
11 Guardian's status as guardian of his mother to himself.  Hemon, 878 F.2d at 14.

12     In finding that habeas jurisdiction did not extend to adult guardianships, the First Circuit
13 reasoned that

> the same concerns about federalism and finality that counsel against federal habeas jurisdiction over child custody disputes also counsel against federal habeas jurisdiction over disputes regarding guardianship. The long-standing policy of the federal courts to avoid interference in state domestic relations disputes—for example, by abstaining from asserting federal subject matter jurisdiction over domestic relations matters—is not limited to the area of child custody, but extends to the entire field of domestic relations. Disputes regarding guardianship are no less matters of purely local concern than are child custody disputes. Accordingly, the federal interest in guardianship matters is no more substantial than the very weak federal interest in child custody matters found insufficient in Lehman[1] and Sylvander[2] to justify federal habeas jurisdiction.

21 Id. at 15 (internal citations omitted).  The court conclude that that state courts had already
22 adjudicated the question of how to best protect the mother's rights, and there was "no occasion
23 for undertaking extraordinary federal review of that determination by way of habeas corpus." Id.

24     The undersigned finds the First Circuit's reasoning persuasive, and concludes that the
25 dispute over petitioner's conservatorship is not within the scope of federal habeas corpus
26 jurisdiction and the petition should be dismissed.  Because this court lacks jurisdiction and the

---

[1] Lehman v. Lycoming Cnty. Child.'s Servs. Agency, 458 U.S. 502 (1982).
[2] Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103 (1st Cir. 1978).

petition should be dismissed, petitioner's motions for preliminary injunction should also be denied.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to STRIKE the documents at ECF Nos. 5-7, 9, 19-21 as improperly filed;

2. The motion to amend the petition (ECF No. 15) is GRANTED; and

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's motions for preliminary injunction (ECF Nos. 14, 18) be DENIED; and

2. Petitioner's second amended application for a writ of habeas corpus (ECF No. 16) be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, she shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE